UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION


RICHARD JAMIE JOHNSON,

        Plaintiff,

                                Case No. 17-13126

v.

                         HONORABLE AVERN COHN

COMMISSIONER OF SOCIAL SECURITY,

        Defendant.

_____/

**MEMORANDUM AND ORDER**
**GRANTING PLAINTIFF'S PETITION FOR ATTORNEY FEES (Doc. 23)[1]**


I.

     This is a social security case. Plaintiff Richard Jamie Johnson appealed from the

final determination of the Commissioner of Social Security (Commissioner) that he is not

disabled and therefore not entitled to disability insurance benefits. The matter was

referred to a magistrate judge for all pretrial proceedings. Plaintiff and the

Commissioner filed cross motions for summary judgment. (Docs. 16, 18). Plaintiff

requested that the Commissioner's decision either be reversed or remanded to the

Administrative Law Judge (ALJ) for further proceedings.

     The magistrate judge issued a report and recommendation (MJRR),

recommending that plaintiff's motion be granted in part, the Commissioner's motion be

denied, and the matter remanded under sentence four[2] for further administrative

---

     [1]Upon review of the parties' papers, the Court deems this matter appropriate for
decision without oral argument. <u>See</u> Fed. R. Civ. P. 78(b); E.D. Mich. LR 7.1(f)(2).

     [2] "A district court's authority to remand a case for further administrative
proceedings is found in 42 U.S.C. § 405(g)." <u>Hollon v. Commissioner</u>, 447 F.3d 477,

proceedings. (Doc. 20). Neither party objected. The Court then issued an order

adopting the MJRR, granting plaintiff's motion for summary judgment in part, denying

the Commissioner's motion for summary judgment, and remanding the matter for further

administrative proceedings consistent with the MJRR. (Doc. 21).

Before the Court is plaintiff's petition for attorney fees under the Equal Access to

Justice Act (EAJA). (Doc. 23). For the reasons that follow, the motion will be granted.

II.

The EAJA provides that the Court shall award attorney fees and expenses to a

prevailing party (other than the United States) in any civil action brought against the

United States, unless the position of the government was substantially justified. 28

U.S.C. § 2412(d)(1)(A). The EAJA also provides that the attorney fees awarded may

not be at a rate of more than $125 per hour, unless the Court determines that an

increase in the cost of living, or some other special factor, justifies a higher fee. Id. §

2412(1)(D)(2)(A).

Here, plaintiff's counsel seeks attorney fees and at the rate of $175.00 per hour

for 26.33 hours, for a total fee award of $4,607.75.

In its objections, the Commissioner does not object to the hourly rate or overall

amount. However, the Commissioner says that no attorney fees or expenses should be

awarded because its position was substantially justified. This argument does not carry

the day. Most notably, the Commissioner never objected to the MJRR. Now in

---

482-83 (6th Cir. 2006). The statute permits only two types of remand: a sentence four
(post-judgment) remand made in connection with a judgment affirming, modifying, or
reversing the Commissioner's decision; and a sentence six (pre-judgment) remand
where the court makes no substantive ruling as to the correctness of the Commissioner's
decision. Hollon, 447 F.3d at 486 (citing Melkonyan v. Sullivan, 501 U.S. 89, 99-100,
111 S.Ct. 2157, 115 L.Ed.2d 78 (1991)).

responding to plaintiff's EAJA application, the Commissioner essentially reargues the merits of the case.  Although the Commissioner is correct that plaintiff did not obtain a remand on all of the issues requested, the fact is plaintiff did obtain a remand.  Under these circumstances, the Commissioner's position was not substantially justified.

III.

For the reasons stated above, plaintiff's motion is GRANTED.  Plaintiff is entitled to an award of attorney fees as the prevailing party in the amount of $4,607.75.  These fees are subject to offset through the Treasury Department's Offset Program to satisfy any pre-existing debt Plaintiff may owe to the government.

If the Commissioner determines that plaintiff owes no debt to the government that would subject this award of attorney's fees to offset, the Commissioner may honor the plaintiff's assignment of EAJA fees providing for payment of the subject fees to plaintiff's counsel, rather than to plaintiff.  If, however, plaintiff is discovered to owe the government any debt subject to offset, the Commissioner shall pay any attorney's fees remaining after such offset to plaintiff rather than to counsel.  Should this occur, any remaining fees made payable to plaintiff shall be sent to his counsel.

SO ORDERED.


S/Averen Cohn
AVERN COHN
UNITED STATES DISTRICT JUDGE


Dated: 3/20/2019
Detroit, Michigan