UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION


RICHARD JAMIE JOHNSON,

        Plaintiff,

v.

        Case No. 17-13126

COMMISSIONER OF SOCIAL SECURITY,

        HONORABLE AVERN COHN

        Defendant.
_____/

### ORDER DENYING DEFENDANT'S MOTION TO ALTER OR AMEND ORDER PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 59(e) (Doc. 31)[1]

I.

This is a social security case. Plaintiff Richard Jamie Johnson appealed from the final determination of the Commissioner of Social Security (Commissioner) that he is not disabled and therefore not entitled to disability insurance benefits. The matter was referred to a magistrate judge for all pretrial proceedings. Plaintiff and the Commissioner filed cross motions for summary judgment. (Docs. 16, 18). Plaintiff requested that the Commissioner's decision either be reversed or remanded to the Administrative Law Judge (ALJ) for further proceedings.

The magistrate judge issued a report and recommendation (MJRR), recommending that plaintiff's motion be granted in part, the Commissioner's motion be denied, and the matter remanded under sentence four for further administrative proceedings. (Doc. 20). Neither party objected. The Court then issued an order

---

[1] The Court deems this matter appropriate for decision without oral argument. See Fed. R. Civ. P. 78(b); E.D. Mich. LR 7.1(f)(2).

adopting the MJRR, granting plaintiff's motion for summary judgment in part, denying the Commissioner's motion for summary judgment, and remanding the matter for further administrative proceedings consistent with the MJRR. (Doc. 21). Plaintiff's counsel then filed a petition for attorney fees under the Equal Access to Justice Act (EAJA) seeking an award of $4,607.75. (Doc. 23). The Commissioner did not object to the amount of the fee but instead argued that no fee should be awarded because the Commissioner's position was substantially justified. The Court disagreed and granted the petition. (Doc. 30).

Before the Court is the Commissioner's Motion to Alter or Amend Order Pursuant to Federal Rule of Civil Procedure 59(e). (Doc. 31). For the reasons that follow, the motion is DENIED.

## II.

The disposition of a motion filed under Rule 59(e) is "entrusted to the court's sound discretion." Keweenaw Bay Indian Community v. United States, 940 F. Supp. 1139, 1140 (W.D. Mich. 1996), citing Huff v. Metropolitan Life Ins. Co., 675 F.2d 119, 122 (6th Cir. 1982). Generally, a court may grant a Rule 59(e) motion in one of three situations: (1) to correct a clear error of law; (2) to account for newly discovered evidence; (3) to accommodate an intervening change in controlling law; or (4) to prevent manifest injustice. Intera Corp. v. Henderson, 428 F.3d 605, 620 (6th Cir. 2005). However, a motion filed under 59(e) "'may not be used to relitigate old matters, or to raise arguments or present evidence that could have been raised prior to the entry of judgment.'" Exxon Shipping Co. v. Baker, 554 U.S. 471, 486 n.5 (2008), quoting 11 C. Wright & A. Miller, Federal Practice and Procedure § 2810.1 pp. 127-128 (2d ed. 1995). "A motion to alter or reconsider a judgment is an extraordinary remedy and should be

2

granted sparingly." Plaskon Elec. Materials, Inc. v. Allied-Signal, Inc., 904 F. Supp. 644, 669 (N.D. Ohio 1995).

III.

Here, the Commissioner says that the Court committed a "clear error of law" in finding that the Commissioner's position was not substantially justified. Although couched as an "error of law," the Commissioner simply disagrees with the Court's ruling on whether its position was substantially justified. Under the EAJA, the government has the ultimate burden of showing that its position was substantially justified such as to support a denial of attorney fees. United States v. 0.376 Acres of Land, 838 F.2d 819, 829 (6th Cir.1988). Significantly, the resolution of whether the Commissioner has met its burden is within the district court's discretion. Pierce v. Underwood, 487 U.S. 552, 563 (1988).

Having reviewed the matter, the Court is still satisfied that the Commissioner did not meet its burden to overcome the presumption under the EAJA that fees shall be awarded.

SO ORDERED.

S/Avern Cohn
AVERN COHN
UNITED STATES DISTRICT JUDGE

Dated: 4/11/2019
Detroit, Michigan